10-2479-cv
Douglas v. First Unum Life Ins.  Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of July, two thousand eleven.

Present:     ROGER J. MINER,
             JOSEPH M. McLAUGHLIN,
             ROSEMARY S. POOLER,
                  *Circuit Judges*.

_____

NANCY DOUGLAS,

                  *Plaintiff-Appellant*,

          -v.-                                    10-2479-cv

FIRST UNUM LIFE INSURANCE COMPANY,

                  *Defendant-Appellee*.

_____

For Appellant:      Scott M. Riemer, Riemer & Associates, LLC, New York, NY.

For Appellee:       Patrick W. Begos, Begos Horgan & Brown LLP, Westport, CT.

Appeal from the United States District Court for the Southern District of New York (Marrero, *J.*).

**ON CONSIDERATION WHEREOF**, **IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said district court be and hereby is **AFFIRMED**.

Nancy Douglas appeals from a summary judgment entered June 22, 2010, in the United States District Court for the Southern District of New York (Marrero, *J.*) in favor First Unum Life Insurance Company ("Unum"), dismissing Douglas's complaint. The complaint alleged that Unum unreasonably denied her request for long term disability benefits. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

We review de novo a district court's grant of summary judgment in an ERISA action. *Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009). "Although generally an administrator's decision to deny benefits is reviewed *de novo*, where, as here, written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, we will not disturb the administrator's ultimate conclusion unless it is arbitrary and capricious." *Id.* (internal quotation marks omitted).

As the Supreme Court has noted, "[o]ften the entity that administers the [ERISA] plan, such as an employer or an insurance company, both determines whether an employee is eligible for benefits and pays benefits out of its own pocket." *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008). Because "this dual role creates a conflict of interest," "a reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits" and "the significance of [that] factor will depend upon the circumstances of the particular case." *Id.*

The district court carefully examined the circumstances of Douglas's late filing, considered the dual role of Unum as a factor in its decision, and determined that there was no abuse of discretion in the denial of benefits. We agree with that determination. Accordingly, we conclude, for substantially the same reasons articulated by the district court, that the district court properly granted Unum's motion for summary judgment, dismissing the complaint.

For the foregoing reasons, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk